## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **CENTRAL GULF PETROLEUM, INC. and NEW ENGLAND OIL LLC,** | § § § § | **Cause No. _____** |
| **Plaintiffs,** | § § § | |
| **v.** | § § | |
| **QUAIL ENERGY SERVICES, RICKY MUNSON, and JOHN DOE NOS. 1-10,** | § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

1.      From at least November 2022 and continuing through at least December 2023, Defendants QUAIL ENERGY SERVICES and RICKY MUNSON, along with unknown JOHN DOE NOS. 1-10, engaged in an enterprise that repeatedly stole oil and pipe from Plaintiffs CENTRAL GULF PETROLEUM, INC. NEW ENGLAND OIL LLC.

2.      Ricky Muson was employed by Central Gulf Petroleum, where he gained intimate knowledge of the operations and equipment at Plaintiffs' various leases across Texas. Quail Energy Services is a contractor hired by Central Gulf Petroleum. After Central Gulf Petroleum fired Munson in August 2023 (after the thefts had started unbeknownst to Plaintiffs), Quail (Munson's parter in crime) hired Munson to work for Quail.

3.     Munson and Quail used their knowledge of Plaintiffs' operations to siphon away oil and remove pipe from multiple locations.  And not only did Quail and Munson steal from Plaintiffs, but Quail invoiced Plaintiff CGP for the time and equipment used to commit the robberies.  These brazen thefts and unconscionable attempts to make Plaintiffs pay for the privilege of having been robbed are textbook violations of the Federal civil RICO statute.

## II.
## PARTIES

4.     Plaintiff CENTRAL GULF PETROLEUM, INC. ("CGP") is a corporation organized and existing under the laws of the state of Texas, having its principal place of business at 7 Switchbud Place, #192, The Woodlands, Texas 77380.  CGP is licensed as an operator by the Texas Railroad Commission under license number 100403.  CGP does business in this district and throughout the State of Texas.

5.     Plaintiff NEW ENGLAND OIL LLC ("NEO" and, along with CGP, "Plaintiffs") is a limited liability company organized and existing under the laws of the state of Texas, having its principal place of business at 1455 Washington Boulevard, Stamford, Connecticut 06902.  NEO does business in this district and throughout the State of Texas.

6.     Defendant QUAIL ENERGY SERVICES, LP ("Quail") is a limited partnership organized and existing under the laws of the state of Texas, having its principal place of business at 2496 North Highway 385, Andrews, Texas 79714.  It may be served with process by serving its registered agent for process, MT Operating,

2

Inc., at 2495 North Highway 385, Andrews, Texas 79714. Quail does business in this district and throughout the State of Texas.

7. Defendant RICKY MUNSON ("Munson" and, along with Quail, "Defendants") is an individual domiciled in the State of Texas. Munson may be served with process at 254 CR 133, Sweeny, Texas 77480, or wherever he may be found.

8. Plaintiffs are unaware of the identities of Defendants JOHN DOE NOS. 1-10 and therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to state the true names and capacities of the Doe Defendants when their identities are ascertained. Plaintiffs are informed and believe that each of the fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiffs' damages were proximately caused by their conduct.

### III.
### JURISDICTION AND VENUE

9. Plaintiffs bring their RICO claims under 18 U.S.C. §§1961 *et seq*. This Court has original and exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1331 and 18 U.S.C. §1964.

10. Venue and personal jurisdiction are proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial amount of the events giving rise to Plaintiffs' claims occurred in this District and under 18 U.S.C. §1965(a), because Defendant Munson resides in this District and because Defendants both transact their affairs in this District.

3

## IV.
## FACTUAL ALLEGATIONS

11.    Plaintiff NEO is the lessee of the Carpenter Lease in Bee County, Texas, the Riverside Lease in Victoria County, Texas, the South Texas Syndicate Lease in McMullen County, Texas, and the Weakley Cockburn Unit in Wharton County, Texas.  Plaintiff CGP is the operator on each of these leases.

12.    Defendant Munson was employed by Plaintiff CGP from July 2021 until August 2023, during which time Munson repeatedly stole oil and equipment from Plaintiffs without Plaintiffs' knowledge or consent.  After CGP fired Munson for poor performance, Defendant Quail – Munson's theft partner – employed Munson as a salaried employee between August 15, 2023, and November 20, 2023.

13.    On or about November 29, 2022, Defendant Munson directed Defendant Quail's employee Colton Reger ("Reger") to load a vacuum truck owned and operated by Doe Defendant No. 1 with Plaintiffs' oil off the Riverside lease.  Quail Invoice No. 71486, dated March 31, 2023, and addressed to Plaintiff CGP, includes a charge for moving the oil from Victoria, Texas (site of the Riverside Lease) to Beeville, Texas (site of the Carpenter Lease).  But the oil never made it to the Carpenter Lease.  Instead, Defendants stole the oil for themselves, selling the oil to buyer Doe Defendant No. 2 – and then had the audacity to bill CGP for stealing CGP's own oil!

14.    Defendants' audacious conduct continued.  On or about March 17, 2023, Defendant Munson directed Reger to load a truck owned and operated by Doe Defendant No. 3 with Plaintiffs' oil in Beeville and move it to Victoria.  Quail Invoice No. 71498, dated March 31, 2023, and again addressed to Plaintiff CGP, includes a

4

charge for moving oil from Beeville, Texas, to Victoria, Texas. Once again, Plaintiffs' oil never made it to Plaintiffs' lease because, once again, Defendants stole the oil, selling it to buyer Doe Defendant No. 4. And, once again, Defendant Quail billed CGP for stealing Plaintiffs' oil.

15. Defendants were still not done with their theft. On or about April 19, 2023, Defendant Munson arranged for pipe owned by Plaintiff CGP to be moved from CGP's South Texas Syndicate lease to Defendant Quail's yard in Pleasonton, Texas, using flatbed truck driver Doe Defendant No. 5. Defendant Quail invoiced CGP for this transfer via Quail Invoice No. 73111, dated July 31, 2023. But after the pipe was transferred to Quail's Pleasonton yard, Defendants sold the pipe to buyer Doe Defendant No. 6 without CGP's knowledge or consent, and without remuneration to CGP. So CGP had once again been invoiced by Quail for Defendants' theft of Plaintiffs' property.

16. Defendant Munson continued to steal from Plaintiffs. Also in April 2023 (the month Munson moved pipe from NEO's South Texas Syndicate lease to Defendant Quail's yard in Pleasonton, Texas), pipe went missing from NEO's South Texas Syndicate lease in McMullen County. Upon information and belief, Doe Defendant No. 7 was used to haul the pipe and buyer Doe Defendant No. 8 received the stolen pipe.

17. Later in 2023, Plaintiff CGP was going to sell pipe from Plaintiff NEO's Weakley Cockburn lease in Wharton County. When the potential buyer went to inspect the property on December 13, 2023, the pipe was missing. Defendant

Munson had knowledge of CGP's operations on both of these leases from his previous employment with both CGP and Quail.  These pipe thefts are consistent with Munson's prior theft of pipe from Plaintiffs.  Again, upon information and belief, Doe Defendant No. 9 was used to haul the pipe and buyer Doe Defendant No. 10 received the stolen pipe.

## V.
## CAUSES OF ACTION

**A.    Count One: Violation of 18 U.S.C. §1962(a) (Civil RICO)**

18.    Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth below.

19.    Defendants' theft of Plaintiffs' oil and pipe, along with the fraudulent bills sent by Defendant Quail to Plaintiffs, constitutes a violation of the civil RICO statute, 18 U.S.C. §1962(a).  Specifically, 18 U.S.C. §1962(a) states that:

> It shall be unlaw for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

20.    18 U.S.C. §1964(c) provides a civil cause of action, stating:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of suit, including a reasonable attorney's fee…

21.    Each Defendant is a "person" within the meaning of 18 U.S.C. §1961(3), and Defendants together constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4).

22.    Each Defendant has received income from a pattern of racketeering activity, which requires at least two acts of racketeering activity.  18 U.S.C. §1961(5). Defendants engaged in at least the following racketeering activities:

a.  The November 29, 2022, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

b.  The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

c.  The March 17, 2023, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

d.  The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff

NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

e. The April 19, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment;

f. The July 31, 2023, Quail Invoice No. 73111, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 73111 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' pipe had been moved from one of Plaintiff NEO's leases to a yard owned by Defendant Quail, when, in fact, Defendants had appropriated Plaintiffs' pipe for themselves;

g. The April 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment; and

h. The December 13, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment.

Each of the preceding acts constitutes "racketeering activity" under 18 U.S.C. §1961(1).

23.    Defendants participated in the management and control of the enterprise.  Specifically, Defendant Munson directed the theft of the oil and pipe, and

Defendant Quail utilized its personnel and facilities to effectuate the robberies and to commit the mail and/or wire fraud as described above.

24.     The proceeds of Defendants' racketeering activities were then reinvested back into Defendants' enterprise.  Defendants' enterprise engages in and affects interstate commerce.  Defendants' enterprise was continuous and repeated for more than a year, and there is an ongoing threat of repetition of such conduct.

25.     Plaintiffs have been injured by Defendants' conduct.  Specifically, the value of the oil and pipe stolen by Defendants is more than $300,000.  Pursuant to 18 U.S.C. §1964(c), Plaintiffs seek an award of three times their actual damages, recovery of costs of suit, and their reasonable and necessary attorneys' fees.

**B.     Count Two: Violation of 18 U.S.C. §1962(c) (Civil RICO)**

26.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth below.

27.     Defendants' theft of Plaintiffs' oil and pipe, along with the fraudulent bills sent by Defendant Quail to Plaintiffs, constitutes a violation of the civil RICO statute, 18 U.S.C. §1962(c).  Specifically, 18 U.S.C. §1962(c) states that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

28.     18 U.S.C. §1964(c) provides a civil cause of action, stating:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of suit, including a reasonable attorney's fee…

9

29. Each Defendant is a "person" within the meaning of 18 U.S.C. §1961(3), and Defendants together constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4).

30. Each Defendant has received income from a pattern of racketeering activity, which requires at least two acts of racketeering activity.  18 U.S.C. §1961(5). Defendants engaged in at least the following racketeering activities:

    a. The November 29, 2022, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

    b. The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

    c. The March 17, 2023, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

    d. The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain

money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

e.  The April 19, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment; and

f.  The July 31, 2023, Quail Invoice No. 73111, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 73111 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' pipe had been moved from one of Plaintiff NEO's leases to a yard owned by Defendant Quail, when, in fact, Defendants had appropriated Plaintiffs' pipe for themselves;

g.  The April 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment; and

h.  The December 13, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment.

Each of the preceding acts constitutes "racketeering activity" under 18 U.S.C. §1961(1).

31.    Defendants are both associated with their enterprise, which affect interstate commerce, and both Defendants participated in the conduct of the enterprise's affairs.  Specifically, Defendant Munson directed the theft of the oil and pipe, and Defendant Quail utilized its personnel and facilities to effectuate the robberies and to commit the mail and/or wire fraud as described above.

32.    Plaintiffs have been injured by Defendants' conduct.  Specifically, the value of the oil and pipe stolen by Defendants is more than $300,000.  Pursuant to 18 U.S.C. §1964(c), Plaintiffs seek an award of three times their actual damages, recovery of costs of suit, and their reasonable and necessary attorneys' fees.

**C.    Count One: Violation of 18 U.S.C. §1962(d) (Civil RICO Conspiracy)**

33.    Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth below.

34.    Defendants' theft of Plaintiffs' oil and pipe, along with the fraudulent bills sent by Defendant Quail to Plaintiffs, constitutes a violation of the civil RICO statute, 18 U.S.C. §1962(a).  Specifically, 18 U.S.C. §1962(a) states that:

> It shall be unlaw for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

35.    Defendants' theft of Plaintiffs' oil and pipe, along with the fraudulent bills sent by Defendant Quail to Plaintiffs, constitutes a violation of the civil RICO statute, 18 U.S.C. §1962(c).  Specifically, 18 U.S.C. §1962(c) states that:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

36.    18 U.S.C. §1964(c) provides a civil cause of action, stating:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of suit, including a reasonable attorney's fee…

37.    Each Defendant is a "person" within the meaning of 18 U.S.C. §1961(3), and Defendants together constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4).

38.    Each Defendant has received income from a pattern of racketeering activity, which requires at least two acts of racketeering activity.  18 U.S.C. §1961(5). Defendants engaged in at least the following racketeering activities:

    a. The November 29, 2022, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

    b. The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

13

c.  The March 17, 2023, robbery of Plaintiffs' oil in violation of Texas Penal Code §31.03 and 31.19, the value of which exceeded $10,000, which is punishable by more than 1 year of imprisonment;

d.  The March 31, 2023, Quail Invoice No. 71486, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 71486 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' oil had been moved from one of Plaintiff NEO's leases to another of Plaintiff NEO's leases, when, in fact, Defendants had appropriated Plaintiffs' oil for themselves;

e.  The April 19, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment; and

f.  The July 31, 2023, Quail Invoice No. 73111, which constituted mail fraud in violation of 18 U.S.C. §1341 and/or wire fraud in violation of 18 U.S.C. §1343, in that Quail Invoice No. 73111 sought to obtain money from Plaintiff CGP under false pretenses; specifically, under the pretense that Plaintiffs' pipe had been moved from one of Plaintiff NEO's leases to a yard owned by Defendant Quail, when, in fact, Defendants had appropriated Plaintiffs' pipe for themselves;

14

g.  The April 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment; and

h.  The December 13, 2023, robbery of Plaintiffs' pipe in violation of Texas Penal Code §31.03, the value of which exceeded $2,500, which is punishable by more than 1 year of imprisonment.

Each of the preceding acts constitutes "racketeering activity" under 18 U.S.C. §1961(1).

39.  Defendants participated in the management and control of the enterprise.  Specifically, Defendant Munson directed the theft of the oil and pipe, and Defendant Quail utilized its personnel and facilities to effectuate the robberies and to commit the mail and/or wire fraud as described above.

40.  The proceeds of Defendants' racketeering activities were then reinvested back into Defendants' enterprise.  Defendants' enterprise engages in and affects interstate commerce.  Defendants' enterprise was continuous and repeated for more than a year, and there is an ongoing threat of repetition of such conduct.

41.  Defendants are both associated with their enterprise, which affect interstate commerce, and both Defendants participated in the conduct of the enterprise's affairs.  Specifically, Defendant Munson directed the theft of the oil and pipe, and Defendant Quail utilized its personnel and facilities to effectuate the robberies and to commit the mail and/or wire fraud as described above.

42.     As described above, Defendants conspired to violate 18 U.S.C. §1962(a) and 18 U.S.C. §1962(c), which violates 18 U.S.C. §1962(d).

43.     Plaintiffs have been injured by Defendants' conduct.  Specifically, the value of the oil and pipe stolen by Defendants is more than $300,000.  Pursuant to 18 U.S.C. §1964(c), Plaintiffs seek an award of three times their actual damages, recovery of costs of suit, and their reasonable and necessary attorneys' fees.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Defendants Quail and Munson be cited to answer and appear herein and that at the conclusion of this action the Court award judgment in favor of Plaintiffs against Quail and Munson as follows:

a.     Three times Plaintiffs' actual damages, including but not necessarily limited to the value of the stolen oil and pipe;

b.     Costs of court;

c.     Pre- and post-judgment interest as allowed by law;

d.     Reasonable and necessary attorneys' fees; and

e.     All other legal and equitable relief to which Plaintiffs are justly entitled.

## VII.
## JURY DEMAND

44.     In accordance with Fed. R. Civ. P. 38 and 39, Ansys asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

16

Respectfully submitted,

**DANIELS & TREDENNICK PLLC**

By: */s/ Heath A Novosad*
Heath A. Novosad
Texas State Bar No. 24037199
heath.novosad@dtlawyers.com
Jordan T.J. Howes
Texas State Bar No. 24107293
jordan@dtlawyers.com
Timothy E. Bond
Texas State Bar No. 24131860
timothy.bond@dtlawyers.com
Kyle K. Wittenbraker
Texas State Bar No. 24079598
kyle@dtlawyers.com
6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**