**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER DAVIS and JEANDAIA RAY,** | § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | |
| **PENNYMAC LOAN SERVICES, LLC,** | § § | **No. 6:26-CV-00023-LS** |
| **Defendant,** | § § § | |
| **and** | § § | |
| **CARRINGTON MORTGAGE SERVICES, LLC.** | § § § § | |
| **Intervenor.** | § | |

**CARRINGTON MORTGAGE SERVICES, LLC'S FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) MOTION TO INTERVENE AS OF RIGHT**

Carrington Mortgage Services, LLC ("Carrington"), through its undersigned counsel, respectfully moves the Court for an order granting it leave to intervene as a defendant in the above-captioned matter as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).   In support of this motion, Carrington shows the Court as follows:

## I.   NATURE OF ACTION AND INTEREST OF INTERVENOR

1.      Plaintiffs Christopher Davis and Jeandaia Ray ("Plaintiffs") filed this action to preclude the foreclosure sale of real property located at 9308 Sandyford Court, Killeen, Texas 76542 (the "Property").

2.      Although Plaintiffs brought suit against the prior servicer, PennyMac Loan Services, LLC ("PennyMac"), Carrington is the current servicer of the note and deed of trust associated with the Property.   *See generally*, Affidavit of Brian Cox in Support of Carrington

Mortgage Services, LLC's Motion to Intervene, attached hereto as Exhibit B.   Carrington initiated the foreclosure proceedings that are the subject of Plaintiffs' complaint.   *See id.*

3.       As the current servicer, Carrington has a direct and substantial interest in the Property and the outcome of this litigation and moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

## II.       LEGAL STANDARD

4.       To intervene as of right under Rule 24(a)(2), a movant must show the following: (1) the motion is timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest is not adequately represented by existing parties.   *See* FED. R. CIV. P. 24(a)(2); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

5.       The Fifth Circuit Court of Appeals instructs that Rule 24 should be construed liberally in favor of intervention.   *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012).   Carrington meets each of these factors.

## III.       ARGUMENT AND AUTHORITIES

### A.       Carrington's Motion Is Timely.

6.       Timeliness is determined by considering all relevant circumstances, including the stage of the proceedings and the potential prejudice to existing parties.   *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977).   This action was removed to this Court on January 14, 2026.   But since it was not named as a party in the Texas state court action, Carrington did not discover that suit had been filed until February 2026, roughly a month later.

7.    Although a scheduling order has been entered, discovery has not yet begun and there has been no activity in this matter since that time.  Carrington has moved to intervene promptly after the case was transferred to the current docket on January 26, 2026.  Intervention at this early stage will not unduly delay the proceedings or prejudice the original parties.  *See* FED. R. CIV. P. 24(a)(2).

**B.    Carrington Has a Substantial Interest in the Subject Property.**

8.    Carrington possesses a direct and legally protectable interest in the Property as its current mortgage servicer.  *See* Ex. B, ¶¶ 4-5.

9.    The Fifth Circuit requires an interest that is "direct, substantial, and legally protectable."  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984).  A mortgagee or its authorized servicer has a clear standing to intervene in disputes affecting its ability to exercise rights under a security instrument.  *See Int'l Marine Towing, Inc. v. S. Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5th Cir. 1983).

10.    Because this suit seeks to permanently enjoin foreclosure, Carrington's core business function regarding this specific asset is directly at stake.  *See* Ex. B, ¶ 8.

**C.    Disposition of the Action in Carrington's Absence Will Impair Carrington's Interests.**

11.    Disposing of this action in Carrington's absence would impair its ability to protect its interest in the Property.

12.    If Plaintiffs receive the permanent injunctive relief they seek, Carrington will be legally barred from foreclosing on the Property to satisfy the underlying debt.  The "practical yardstick" of Rule 24(a) indicates that Carrington's rights would be significantly impeded by an adverse judgment.  *See Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996).

**D.      Existing Parties Do Not Adequately Represent Carrington's Interest.**

13.      The burden of establishing inadequate representation is "minimal" and is satisfied if the movant shows that representation "may be" inadequate.  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

14.      PennyMac is no longer the servicer of the loan and has no ongoing stake in the Property.  *See* Ex. B, ¶ 4.  Because PennyMac's potential liability is based on past conduct, it lacks the same incentive as Carrington—the current holder of servicing rights—to vigorously defend the right to proceed with current and future foreclosure actions.  *See City of Houston*, 668 F.3d at 294.

## IV.      CONCLUSION

Carrington Mortgage Services, LLC meets all requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2).  Carrington respectfully requests that the Court grant this motion and permit it to file its responsive pleading, attached hereto as Exhibit A.

Respectfully submitted,

ALDRIDGE PITE, LLP

*/s/ Jeffery R. Johnson*
Jeffery R. Johnson
Texas State Bar No. 24048572
jrjohnson@aldridgepite.com
101Park Blvd., Suite 600
Plano, Texas 75074
Tel: (858) 750-7600
Fax: (858) 412-2798

*ATTORNEYS FOR INTERVENOR,*
*CARRINGTON MORTGAGE SERVICES,*
*LLC*

## **CERTIFICATE OF SERVICE**

I certify that, on April 20, 2026, a true and correct copy of the foregoing document was served electronically through the Court's CM/ECF e-filing system upon all parties and/or counsel in this matter in accordance with the Federal Rules of Civil Procedure.

*/s/ Jeffery R. Johnson*
Jeffery R. Johnson

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER DAVIS and** | § | |
| **JEANDAIA RAY,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PENNYMAC LOAN SERVICES, LLC,** | § | **No. 6:26-CV-00023-LS** |
| | § | |
| **Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **Intervenor.** | § | |

<u>**INTERVENOR CARRINGTON MORTGAGE SERVICES, LLC'S ORIGINAL**</u>
<u>**ANSWER TO PLAITNIFF'S ORIGINAL PETITION**</u>

Intervenor, Carrington Mortgage Services, LLC ("Carrington"), as the current servicer of the mortgage loan at issue, files this Original Answer to Plaintiffs Christopher Davis and Jeandaia Ray's ("Plaintiffs") Original Verified Petition (the "Petition"), and would respectfully show the Court as follows:

## I.   ORIGINAL ANSWER

### JURISDICTION

1.      Carrington admits that the amount in controversy is within the jurisdictional limits of the court, but denies that Plaintiffs are entitled to any of the relief sought.

### VENUE

2.      Carrington admits that venue is proper in the Waco Division of the Western District of Texas as the property is located in Bell County, Texas.

## PARTIES

3.    Carrington is without knowledge or information sufficient to form a belief as to the truth of the residency or homestead status of Plaintiff Christopher Davis and therefore denies the same.

4.    Carrington is without knowledge or information sufficient to form a belief as to the truth of the residency or homestead status of Plaintiff Jeandaia Ray and therefore denies the same.

5.    Carrington is without knowledge or information sufficient to form a belief as to the truth of the residency PennyMac Loan Services, LLC ("PennyMac"), and therefore denies the same.

6.    Carrington is without knowledge or information sufficient to form a belief as to the truth of PennyMac's alleged contacts with the State of Texas and therefore denies the same.

7.    Carrington is without knowledge or information sufficient to form a belief as to the truth of PennyMac's proper address for service of process and therefore denies the same.

## DISCOVERY CONTROL PLAN

8.    Carrington denies that discovery in this matter should be conducted under Texas Rule of Civil Procedure 190.4 but admits that the matter is not governed by Texas Rule of Civil Procedure 169.

## INTRODUCTION

9.    Carrington denies each and every allegation contained in paragraph 9 of the Petition.

## FACTS

10.    Paragraph 10 of the Petition does not contain an allegation of fact, and Carrington is therefore unable to admit or deny the contents of the paragraph.

11.    Carrington admits that Plaintiffs executed a Note and Deed of Trust regarding the property located at 9308 Sandyford Court, Killeen, Texas 76542 (the "Property"), but denies that they are the "owners" of the Property.

12.    Carrington denies the allegations contained in paragraph 12 of the Petition, since it is Carrington, not PennyMac, that is attempting to foreclose on the Property as the current servicer of the Note and Deed of Trust with respect thereto.

13.    Carrington denies the allegations contained in paragraph 13 of the Petition, since it is Carrington, not PennyMac, that is attempting to foreclose on the Property as the current servicer of the Note and Deed of Trust with respect thereto.

14.    Carrington admits that Plaintiffs are in default of their obligations under the Note and Deed of Trust, but denies remainder of the allegations of paragraph 14 of the Petition.

15.    Carrington denies the allegations contained in paragraph 15 of the Petition.

16.    Carrington denies the allegations contained in paragraph 16 of the Petition.

17.    Carrington denies the allegations contained in paragraph 17 of the Petition.

18.    Carrington denies the allegations contained in paragraph 18 of the Petition.

19.    Carrington denies the allegations contained in paragraph 19 of the Petition.

20.    Carrington denies the allegations contained in paragraph 20 of the Petition.

21.    Carrington denies the allegations contained in paragraph 21 of the Petition.

22.    Carrington denies the allegations contained in paragraph 22 of the Petition.

23.    Carrington denies the allegations contained in paragraph 23 of the Petition.

24.    Carrington denies the allegations contained in paragraph 24 of the Petition.

25.    Carrington denies the allegations contained in paragraph 25 of the Petition.

26.    Carrington denies the allegations contained in paragraph 26 of the Petition.

27.　　Carrington denies the allegations contained in paragraph 27 of the Petition, including each of its sub-parts.

## CAUSES OF ACTION

*Summary of Causes of Action and Basis for TRO Request*

28.　　Carrington denies the allegations contained in paragraph 28 of the Petition, including each of its sub-parts.

*Breach of Contract*

29.　　In response to paragraph 29, Carrington reasserts its answers to paragraphs 1 through 28 of the Petition.

30.　　Carrington states that paragraph 30 of the Petition contains an assertion of law that does not need to be admitted or denied.　Consequently, the allegations are denied.

31.　　Carrington admits the allegations contained in paragraph 31 of the Petition.

32.　　Carrington denies the allegations contained in paragraph 32 of the Petition.

33.　　Carrington denies the allegations contained in paragraph 33 of the Petition, including each of its sub-parts.

34.　　Carrington denies the allegations contained in paragraph 34 of the Petition.

*Conversion*

35.　　In response to paragraph 35, Carrington reasserts its answers to paragraphs 1 through 34 of the Petition.

36.　　Carrington states that paragraph 36 of the Petition contains an assertion of law that does not need to be admitted or denied.　Consequently, the allegations are denied.

37.　　Carrington does not understand the allegations contained in paragraph 37 of the Petition.　Consequently, the allegations are denied.

38.    Carrington denies the allegations contained in paragraph 38 of the Petition.

39.    Carrington denies the allegations contained in paragraph 32 of the Petition.

40.    Carrington states that paragraph 36 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

*Money Had and Received*

41.    Carrington states that paragraph 41 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

42.    Carrington denies the allegations contained in paragraph 42 of the Petition.

43.    Carrington denies the allegations contained in paragraph 43 of the Petition.

44.    Carrington denies the allegations contained in paragraph 44 of the Petition.

45.    Carrington states that paragraph 45 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

*Negligence*

46.    In response to paragraph 46, Carrington reasserts its answers to paragraphs 1 through 45 of the Petition.

47.    Carrington states that paragraph 47 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

48.    Carrington states that paragraph 48 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

49.    Carrington denies the allegations contained in paragraph 49 of the Petition.

50.    Carrington denies the allegations contained in paragraph 50 of the Petition.

51.    Carrington denies the allegations contained in paragraph 51 of the Petition.

*Violation of Texas Financial Code § 392.303(a)(2)*

52.    In response to paragraph 52, Carrington reasserts its answers to paragraphs 1 through 51 of the Petition.

53.    Carrington states that paragraph 53 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

54.    Carrington denies the allegations contained in paragraph 54 of the Petition.

55.    Carrington states that paragraph 55 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

56.    Carrington states that paragraph 56 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

### *Violation of Texas Financial Code § 392.301(a)(8)*

57.    In response to paragraph 57, Carrington reasserts its answers to paragraphs 1 through 56 of the Petition.

58.    Carrington states that paragraph 58 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

59.    Carrington denies the allegations contained in paragraph 59 of the Petition.

60.    Carrington states that paragraph 60 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

### *Violation of Texas Business and Commerce Code § 17.50(a)(3)*

61.    In response to paragraph 61, Carrington reasserts its answers to paragraphs 1 through 60 of the Petition.

62.    Carrington states that paragraph 62 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

63.     Carrington states that paragraph 63 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

64.     Carrington states that paragraph 64 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

65.     Carrington states that paragraph 65 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

66.     Carrington states that paragraph 66 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

*Violation of Title 12 of the Code of Federal Regulations § 1024.41(c)(1)*

67.     In response to paragraph 67, Carrington reasserts its answers to paragraphs 1 through 66 of the Petition.

68.     Carrington states that paragraph 68 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

69.     Carrington denies the allegations contained in paragraph 69 of the Petition.

70.     Carrington denies the allegations contained in paragraph 70 of the Petition.

71.     Carrington states that paragraph 71 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

*Violation of Title 12 of the Code of Federal Regulations § 1026.36(c)(1)*

72.     Carrington states that paragraph 72 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

73.     Carrington states that paragraph 73 of the Petition contains an assertion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

74.     Carrington denies the allegations contained in paragraph 74 of the Petition.

75.     Carrington states that paragraph 75 of the Petition contains a conclusion of law that does not need to be admitted or denied.   Consequently, the allegations are denied.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

76.     Carrington denies that Plaintiffs are entitled to the injunctive relief requested in paragraph 76 of the Petition.

77.     Carrington denies the allegations contained in paragraph 77 of the Petition, including all its sub-parts.

78.     Carrington denies the allegations contained in paragraph 78 of the Petition.

79.     Carrington denies the allegations contained in paragraph 79 of the Petition.

80.     Carrington denies the allegations contained in paragraph 80 of the Petition.

81.     Carrington denies the allegations contained in paragraph 81 of the Petition.

**BOND**

82.     Carrington does not have sufficient information to admit or deny the allegations contained in paragraph 82 of the Petition.   Consequently, the allegations are denied.

**REQUEST FOR TEMPORARY INJUNCTION**

83.     Carrington denies that Plaintiffs are entitled to the injunctive relief requested in paragraph 83 of the Petition.

**REQUEST FOR PERMANENT INJUNCTION**

84.     Carrington denies that Plaintiffs are entitled to the injunctive relief requested in paragraph 76 of the Petition.

**CONDITIONS PRECEDENT**

85.     Carrington denies the allegations contained in paragraph 85 of the Petition.

**PRAYER**

86.     Carrington denies the Plaintiffs are entitle to any of the relief they seek in their Petition.

## II.     AFFIRMATIVE DEFENSES

87.     <u>Failure to State a Claim</u>:   The Petition fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

88.     <u>Prior Material Breach</u>:   Plaintiffs' claims are barred by their own prior material breach of the Loan documents by failing to pay as agreed.

89.     <u>Statutory Compliance</u>: Carrington complied with all requirements of the Texas Property Code § 51.002.

90.     Failure to Tender: Plaintiffs have not tendered the amount due under the Note, which is a prerequisite for equitable relief against a foreclosure.

### III.    PRAYER

WHEREFORE, Intervenor Carrington Mortgage Services, LLC requests that the Court deny all relief requested by Plaintiffs, dismiss the Petition with prejudice, and award Carrington its costs and reasonable attorney's fees.

Respectfully submitted,

ALDRIDGE PITE, LLP

*/s/ Jeffery R. Johnson*
Jeffery R. Johnson
Texas State Bar No. 24048572
jrjohnson@aldridgepite.com
101Park Blvd., Suite 600
Plano, Texas 75074
Tel: (858) 750-7600
Fax: (858) 412-2798

*ATTORNEYS FOR INTERVENOR,*
*CARRINGTON MORTGAGE SERVICES,*
*LLC*

### CERTIFICATE OF SERVICE

I certify that, on April 20, 2026, a true and correct copy of the foregoing document was served electronically through the Court's CM/ECF e-filing system upon all parties and/or counsel in this matter in accordance with the Federal Rules of Civil Procedure.

*/s/ Jeffery R. Johnson*
Jeffery R. Johnson

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DAVIS and<br>JEANDAIA RAY, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | |
| PENNYMAC LOAN SERVICES, LLC, | §<br>§ | No. 6:26-CV-00023-LS |
| Defendant, | §<br>§<br>§ | |
| and | §<br>§<br>§ | |
| CARRINGTON MORTGAGE<br>SERVICES, LLC, | §<br>§<br>§ | |
| Intervenor. | §<br>§ | |

## AFFIDAVIT IN SUPPORT OF CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO INTERVENE

STATE OF [STATE] California   §

COUNTY OF [COUNTY] Orange   §

BEFORE ME, the undersigned authority, on this day personally appeared [Name of Representative], who being by me duly sworn, deposed and said:

1. "My name is _____ Brian Cox _____. I am over the age of eighteen (18), of sound mind, and capable of making this affidavit. I am an authorized representative of Carrington Mortgage Services, LLC ('Carrington'), the Proposed Intervenor in the above-styled cause. I am authorized to make this affidavit on behalf of Carrington.

2. In my capacity as ____ Director, Contested Litigation/Mediation ____, I have access to the business records of Carrington concerning the mortgage loan of Christopher Davis and Jeandaia

Ray (the 'Loan'). The facts stated in this affidavit are within my personal knowledge or are based on my review of Carrington's business records maintained in the ordinary course of business.

3. The Loan is secured by a Deed of Trust on the real property located at 9308 Sandyford Court, Killeen, Texas 76542 (the 'Property').

4. Based on my review of the records, Carrington became the servicer of the Loan effective May 9, 2025. Prior to this date, the Loan was serviced by PennyMac Loan Services, LLC ('PennyMac').

5. Carrington is currently the servicer of the Note and the beneficiary of the Deed of Trust for the Loan. As the servicer, Carrington is the entity responsible for collecting payments, managing the escrow account, and, when necessary, initiating and completing foreclosure proceedings.

6. Carrington initiated the foreclosure proceedings that are the subject of the Plaintiffs' Original Petition. Specifically, Carrington authorized the mailing of the Notice of Accelerations and the posting of the Property for Trustee's Sale.

7. PennyMac, the named Defendant in this action, is the prior servicer and no longer has any authority to act regarding the Loan, nor does it have a current interest in the Property.

8. Because Carrington is the entity that holds the current legal right to enforce the security instrument and proceed with foreclosure, Carrington's interests are directly at stake in this litigation. PennyMac no longer possesses the administrative or legal authority to represent Carrington's specific interests in the ongoing management or enforcement of this Loan."

SIGNED this ___10th___ day of ___April___, 2026

> **CARRINGTON MORTGAGE SERVICES, LLC**
>
> By:_____
>
> Title:_____
> Brian Cox
> Director, Contested Litigation/Mediation

STATE OF _____ §

COUNTY OF _____ §

    SUBSCRIBED and SWORN TO before me on this _____ day of _____, 2026,

by _____ to certify which witness my hand and seal of office.

See Attached

_____
Notary Public, State of _____

Alex Ramos Cruz

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# JURAT

State of California
County of Orange

Subscribed and sworn to (or affirmed) before me on this 10ᵗʰ  April   2026 **Brian Cox** ,proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature Alex Ramos Cruz



ALEX RAMOS CRUZ
Notary Public - California
Los Angeles County
Commission # 2458293
My Comm. Expires Aug 8, 2027

---

# OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

*The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

## DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
    - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
    - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document